of ordinary care for his own safety, provided they believed he was blameless of any contributory negligence, and that he was injured as a result of negligence on the part of defendant as charged in the declaration, they should find for the plaintiff, is not misleading as limiting plaintiff's exercise of care to the time of the happening of the accident, as the words "while in the exercise of ordinary care" are sufficiently comprehensive to include the time just preceding the accident.

---

## The People of the State of Illinois, Defendant in Error, v. Harry Hill, Plaintiff in Error.

### Gen. No. 22,562. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed. Opinion filed May 29, 1917.

### Statement of the Case.

Prosecution by the People of the State of Illinois, against Harry Hill, for vagrancy. To reverse a judgment of guilty, under which he was sentenced to serve six months in the house of correction, defendant prosecutes this writ of error.

JOHN M. LONERGAN, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. VAGRANCY, § 1*—*when judgment of guilty reversed.* On a prosecution for vagrancy, where there is a total lack of evidence

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to prove that defendant was without lawful means of support at and before the time of his conviction, and defendant testifies, and his evidence is corroborated by testimony of his employer, that for several weeks prior to his arrest he was lawfully employed and receiving a salary of twenty dollars a week, a judgment of guilty will be reversed.

2. VAGRANCY, § 2*—*what is essential to establish offense of.* To establish the offense of vagrancy affirmative proof that defendant was without lawful means of support is indispensable.

---

## John C. Gifford, Appellant, v. Smith H. Bracey, Appellee.

### Gen. No. 22,328.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ANDREW D. WEBB, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed May 29, 1917. Rehearing denied June 11, 1917.

### Statement of the Case.

Action by John C. Gifford, plaintiff, against Smith H. Bracey, defendant, to recover on a contract for the purchase of a bond. From a judgment for defendant, plaintiff appeals.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for appellant.

F. L. SALISBURY and M. MARSO, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.